UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
SILLAR BAXTER,

                              Plaintiff,                              Case No.

   -against-

                                                          COMPLAINT

COMPASS GROUP USA, INC., LEVY RESTAURANTS, INC.,
JONATHAN WILLIAMS, CARLIE MCLEAN and JOHN DOE,
in their personal and professional capacities,

                                                               Jury Trial Demanded

                          Defendants.
-------------------------------------------------------------------------------X

    The Plaintiff SILLAR BAXTER, by and through her attorneys, BERLINGIERI LAW, PLLC, as and for her Complaint in this action against the Defendants COMPASS GROUP USA, INC., LEVY RESTAURANTS, INC., JONATHAN WILLIAMS, CARLIE MCLEAN and JOHN DOE, in their personal and professional capacities respectfully alleges upon information and belief as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon willful violations that Defendant committed of Plaintiff's rights guaranteed to her by federal and state law, and complains for causes of action of: (i) discrimination based on sex under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C.§ 2000e *et seq.*, as amended ("Title VII"); (ii) retaliation under the Title VII; (iii) discrimination based on sex, Article 15 of the Executive law the New York State Human Rights Law ("NYSHRL") § 296, et seq.; (iv) retaliation under NYSHRL; (v) aiding and abetting discrimination under NYSHRL; (vi) discrimination based on sex ("CHRL") § 8-107 *et seq.*, New York City Admin. Code, Ch. 1 - § 8-107; (vii) retaliation under CHRL; (viii) aiding and abetting discrimination under CHRL; (ix) interference with

1

rights under CHRL; (x) supervisory liability under CHRL 8-107(13); and (xi) any other claims(s) that can be inferred from the facts set forth in this Complaint.

Plaintiff seeks monetary relief including, but not limited to: compensatory and punitive damages; attorney's fees and the costs of this action; together with any and all other appropriate legal and equitable relief pursuant to applicable state and federal law.

2. Costs, expert witness fees and attorney's fees are sought pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

3. This Court has jurisdiction as this case involves a federal question under Title VII of the 1964 Civil Rights Act, 42 U.S.C.§ 2000e *et seq* as amended, , 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

4. This Court has supplemental jurisdiction under the State laws of New York. This Court has supplemental jurisdiction over Plaintiff's related claims arising under NYSHRL, CHRL and any and all state and local law pursuant to 28 U.S.C. §1367 (a).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b). The acts and transactions complained of herein occurred in this District, and Defendant was and is located in this District.

6. Plaintiff timely filed claims with the Equal Employment Opportunity Commission ("EEOC") against Defendants Compass Group USA, Inc. and Levy Restaurants (EEOC No. 520-2023-02244 and 520-2023-02246) respectively.

7. On July 19, 2023, the EEOC issued Plaintiff Notices of Right to Sue, annexed hereto as **Exhibit A**.

8. The Plaintiff exhausted all administrative remedies prior to the commencement of this present action.

## THE PARTIES

2

9. Plaintiff was and is a resident of the State of New York, at all relevant times complained of herein.

10. Defendant Compass Group USA, Inc., ("Compass") is corporation formed under the laws of the State of Delaware, headquartered in North Carolina. Compass is the North American fully owned subsidiary of the United Kingdom based Compass Group.

11. Defendant Levy Restaurants, Inc. ("Levy") is an Illinois corporation based in Chicago and is a fully owned subsidiary of Compass Group.

12. Defendant Levy is an affiliate of Compass.

13. Defendants Levy and Compass were co-employers.

14. Defendant Jonathan Williams ("Chef Williams") was and is a resident of the State of Missouri and was and is a Compass/Levy's supervising Chef.

15. Defendant Carlie McLean ("Ms. McLean") was and is a resident of the State of Illinois and was and is Levy's Regional Vice President of Human Resources.

16. Defendant John Doe ("Doe") was and is a resident of the State of New York and was an culinary employee / cook of the Defendants Compass and Levy's.

17. Defendants Compass, Levy, Chef Williams, Ms. McLean and Doe, are herein referred to as ("Defendants").

## BACKGROUND FACTS

18. Plaintiff worked for Levys Restaurants / Compass group as a chef.

19. Plaintiff started with Defendants in September 2019.

20. Plaintiff worked under Chef Williams a Culinary Director of Defendants Compass/Levy.

21. Chef Williams exerted undue pressure on Plaintiff in order to have sexual relations with her.

22. Chef Williams sexually harassed Plaintiff's throughout her employment.

23. Chef Williams would be highly inappropriate to Plaintiff's and made several sexual advances to Plaintiff's at certain locations so Plaintiff could be near him such as St. Louis, Missouri, (Chef Williams hometown) and other locations across the United States.

24. For example, Chef Williams frequently called Plaintiff after hours.

25. Furthermore, Chef Williams sent frequent text messages to Plaintiff to build a sexual relationship with her.

26. Making matters even worse, Plaintiff, in or around September 2021, informed Chef Williams that her paycheck was short, Chef Williams asked Plaintiff "how much money do you need" and gave Plaintiff approximately $200.00 cash.

27. When Chef Williams provided Plaintiff the cash he placed it in her hand with a suggestive touch (Chef Williams intentionally rubbed Plaintiff's palm with his finger) indicating that he desired more contact with Plaintiff.

28. Even more, Chef Williams made frequent sexually suggestive comments to Plaintiff and made physical contact with Plaintiff against her will.

29. For example, Chef Williams would call Plaintiff into his office when they worked together and would touch her body without her consent in a more than friendly way.

30. Chef Williams controlled the Plaintiff's work assignments and travel for the job.

31. Chef Williams assigned Plaintiff to work at Texas A&M University for NCAA football events.

32. Plaintiff reported to Chef Williams and the site director that sous chef, Kwame (last name unknown, male) harassed her on the basis of her gender.

33. Kwame frequently micromanaged Plaintiff's work, stood over her back, set her up for failure,

assigned impossible tasks for her to complete alone and mandated that she inform him when she had to use the bathroom.

34. Kwame humiliated Plaintiff and was verbally abusive and aggressive with Plaintiff frequently.

35. Chef Williams informed Plaintiff not to report the incident further, however Plaintiff had complained to the site director at Texas A&M who in turn reported it to Human Resources.

36. Human Resources failed to adequately investigate and held a meeting with Plaintiff, Kwame and the site director. At that meeting Plaintiff expressed that she felt targeted by Kwame on the basis of her gender, specifically that she felt that if she was a man Kwame would not discriminate against her. Further, Human Resources told Plaintiff that "we apologize" for Kwame "we wil lsend you back" to another location, and "it's his [Kwame] kitchen."

37. Kwame created a hostile work environment for Plaintiff based on gender at Texas A&M and Defendants' HR's only solution was to reassign Plaintiff and did not discipline Kwame or fully investigate.

38. Chef Williams sent Plaintiff's to the US Open at Arthur Ashe Stadium in Flushing Meadows, Queens, NY for an assignment in or around August / September 2022. (The 2022 US Open was from august 23, 2022 – September 12, 2022).

39. On September 5, 2022, a male co-worker (name unknown) sexually assaulted Plaintiff's. Plaintiff was working in the condiment kitchen, a 24 hour operation, inside the stadium.

40. In the dishroom, in the condiment kitchen, an unknown male employee (John Doe) viciously sexually assaulted Plaintiff (touched Plaintiff inappropriately).

41. Plaintiff was coming into the dishroom Plaintiff saw the person who attacked Plaintiff's coming down the side of the dish machine coming towards Plaintiff's when he reached Plaintiff's he

5

walked behind Plaintiff's grabbed Plaintiff's on her right shoulder and put his groin area into her buttocks forcefully humping Plaintiff's and took his left hand and caressed her back and then slapped Plaintiff's very hard on her back where her bra would be and told Plaintiff's "Good job."

42. Plaintiff had to wrestle her way from him and then Plaintiff went back into her kitchen and continued to work in shock.

43. Plaintiff was upset and shocked from what happened, Plaintiff was still processing what had occurred and ended her shift.

44. On September 6, 2022, after having time to process the whole incident Plaintiff called her direct supervisor Chef Williams who is also the director of the Culinary Division, and Plaintiff told him what had happened to Plaintiff's the prior day and that Plaintiff did not want to come in until Plaintiff was able to speak to Human Resources ("HR") directly.

45. Chef Williams did not want Plaintiff's to go to HR because he feared that Plaintiff would report his sexual harassment and inappropriate actions towards Plaintiff's.

46. Chef Williams failed to make a report of her complaint of sexual harassment. Plaintiff asked Mr. Williams to not call Plaintiff on her personal cell phone but he called Plaintiff on a three-way call with the VP of HR Carlie McLean. Plaintiff reported the sexual harassment to Ms. McLean, however she took no action and failed to investigate.

47. Chef Williams and Ms. McLean requested that Plaintiff come to the stadium for a meeting the next day on September 7, 2022 at 9:00 AM.

48. Plaintiff arrived at the stadium to meet with Ms. McLean and Chef Williams, however Chef Williams failed to appear at the meeting.

49. Defendants terminated Plaintiff on September 7, 2022 at her meeting with HR (including Ms.

McLean).

50. Plaintiff reported the sexual assault to the NYPD on September 7, 2022 and made a police report of the events of September 5, 2022.

**AS AND FOR A FIRST COUNT
FOR DISCRIMINATION UNDER TITLE VII
(AS TO COMPASS / LEVY)**

51. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52. Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer practices: It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . .

53. Defendant the employer Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by allowing discrimination based on sex/gender and prior complaints and causing a hostile work environment.

54. The employer Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS AND FOR A SECOND COUNT
FOR RETALIATION UNDER TITLE VII
(AS TO COMPASS / LEVY)**

55. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against

any of his employees . . . because [s]he has opposed any practice made an unlawful employment practiceby this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

57. The employer Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of the employer Defendants.

58. The employer Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS AND FOR THE THIRD CAUSE OF
ACTION DISCRIMINATION UNDER
NEW YORK STATE HUMAN RIGHTS LAW
(AGAINST ALL DEFENDANTS)**

59. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above withthe same force and effect as if more fully set forth herein.

60. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

61. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff based on sex/gender and prior complaints.

62. Plaintiff hereby makes a claim against all Defendants under all of the applicable paragraphs of Executive Law Section 296.

63. Plaintiff seeks damages as a result of Defendants' unlawful conduct.

## AS AND FOR THE FOURTH CAUSE OF ACTION
## NEW YORK STATE HUMAN RIGHTS LAW
## (AGAINST ALL DEFENDANTS)

64. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above withthe same force and effect as if more fully set forth herein.

65. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

66. Defendants engaged in an unlawful discriminatory practice by creating a hostile work environment based on disability and wrongfully retaliating against Plaintiff.

## AS A FIFTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER
## NEW YORK STATE LAW
## (AGAINST ALL DEFENDANTS)

67. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

68. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

69. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

70. Defendants violated the above section as set forth herein.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

71. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

72. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

73. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against the Plaintiff because of Plaintiff's sex/gender and prior complaints.

74. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

75. Defendants violated the above section as set forth herein.

**AS A SEVENTH CAUSE OF ACTION
FOR RETALIATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(AGAINST ALL DEFENDANTS)**

76. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

77. The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . , to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

78. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

79. Defendants violated the above section as set forth herein.

**AS AN EIGHTH CAUSE OF ACTION
FOR AIDING AND ABETTING UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(AGAINST ALL DEFENDANTS)**

80. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

81. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

82. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

### AS A NINTH CAUSE OF ACTION
### FOR INTERFERENCE UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

83. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

84. Section 8-107(19), entitled Interference With Protected Rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

85. Defendants violated the above section as set forth herein.

### AS A TENTH CAUSE OF ACTION
### FOR SUPERVISORY LIABILITY UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

86. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

87. Section 8-107(13) entitled Employer Liability For Discriminatory Conduct By Employee, Agent or Independent Contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the

employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

88. Defendants violated the above section as set forth herein.

## DEMAND FOR A JURY TRIAL

89. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. A judgment declaring that the practices complained of herein are unlawful and inwillful violation of the aforementioned federal; and state and city laws;

B. Awarding Plaintiff compensatory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff costs and disbursements incurred in connection with this action,including reasonable attorneys' fees, expert witness fees, and other costs;

E. Pre-judgment and post-judgment interest, as provided by law; and

    F.    Granting Plaintiff further relief as this Court finds necessary and proper.

Dated: New York, New York
October 17, 2023

Respectfully submitted,

By: *Christopher J. Berlingieri*
CHRISTOPHER J. BERLINGIERI, ESQ. (CB1988)
BERLINGIERI LAW, PLLC
Attorney for Plaintiff
244 Fifth Avenue, Suite F276
New York, New York 10001
Tel.:   (347) 766-5185
Fax:   (914) 730-1044
Email: cjb@nyctlaw.com

# EXHIBIT A

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Ms. Sillar Baxter<br>97-05 Horace Harding Expressway<br>Flushing, NY 11368 | From: | New York District Office<br>33 Whitehall St, 5th Floor<br>New York, NY 10004 |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2023-02244 | PAUL ESPOSITO,<br>Investigator | 19295065286 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

- More than 180 days have passed since the filing of this charge.
- The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Timothy Riera
07/19/2023

**Timothy Riera**
**Acting District Director**

Enclosures(s)

cc:  **Jocelyn Hoefling**
jocelyn@gardnerskelton.com

**Christopher J Berlingieri**
**Berlingieri Law, PLLC**
**244 Fifth Avenue Suite F276**
**New York, NY 10001**

| EEOC Form 161-B (01/2022) | **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** |
|---|---|

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Ms. Sillar Baxter**<br>**97-05 Horace Harding Expressway**<br>**Flushing, NY 11368** | From: | **New York District Office**<br>**33 Whitehall St, 5th Floor**<br>**New York, NY 10004** |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2023-02246** | **PAUL ESPOSITO,**<br>**Investigator** | **19295065286** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

    More than 180 days have passed since the filing of this charge.

    The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

                                                             On behalf of the Commission

Digitally Signed By: Timothy Riera
07/19/2023

**Timothy Riera**
**Acting District Director**

Enclosures(s)

cc:  **Nicole Gardner**
**501 East Blvd**
**Charlotte, NC 28203**
**Jocelyn Hoefling**
**501 East Blvd**
**Charlotte, NC 28203**
**Monica Halloran**
**Levy**
**2400 Yorkmont Rd**
**Charlotte, NC 28217**

**Christopher J Berlingieri**
**Berlingieri Law, PLLC**
**244 Fifth Avenue Suite F276**
**New York, NY 10001**